UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Carlton Hooker Jr.,

      Plaintiff

      USDC No. _____

Vs .

      Date: November 20, 2020

USDOJ - Executive Office of United States Attorneys,

      Defendant

### FREEDOM OF INFORMATION ACT COMPLAINT

This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from **(Plaintiff, Carlton E. Hooker Jr.)** and the Court by the **(Defendant, USDOJ - Executive Office of United States Attorneys)** and its components, the United States Attorney's Office for the Middle District of Florida, Tampa Division.

### Jurisdiction and Venue

This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Judicial Proceedings against an Agency

The Freedom of Information Act provides for federal district court jurisdiction in proceedings brought against an agency to enjoin its withholding of records. **See 5 U.S.C. Sec. 552(a)(4)(B)**. Previously this was subsection (a)(4)(D) of the FOIA, not (c), and it has now been repealed- see **Pub.L. No. 98-620, 98 Stat. 3335 (1984)**. In addition, amendments to the Act require the government to answer or otherwise **plead within 30 days** after service, unless an extension is obtained; this halves the 60-day period normally permitted in a federal case. **See 5 U.S.C. 552(a)(4)(C)**.

### PARTIES

**Plaintiff, Carlton Hooker Jr. ("Plaintiff")**, maintains his primary residence in Pinellas County at 2678 N. McMullen Booth Rd. Apt #8111, Clearwater, Florida 33761.

**Defendant, USDOJ - Executive Office of United States Attorneys** falls under the executive branch of the United States government. **The United States Attorney's Office for the Middle District of Florida ("USAO") Tampa Division are components of the ("VA").**

## COUNT I – EOUSA's FAILURE TO COMPLY WITH FOIA REQUEST

1. On the date of January 22, 2020, I made a FOIA Request to the Executive Office of United States Attorneys under FOIA Request No. EOUSA-2020-01260 for a copy of the following evidence that Assistant United States Attorney, Stephanie Smith Leuthauser has in her possession since January 6, 2020.

    a. Gmail - RE_ FOIA Request for Copy of OPM Approval for Direct-Hire Authority (DHA) for Job Announcement NY-FNC-1944457-BU-NC, OPM Request 2020-00148.

    b. VA Response to Freedom of Information Act No. 20-01289-F

2. The first evidence piece of evidence will show that on the date of October 11, 2019, the Office of Personnel Management (OPM) never approved any (VA) request for them to create and post a Direct Hire Authority Police Officer position under Job Announcement No. NY-FNC-1944457-BU- NC on April 3, 2017.

3. The second piece of evidence, shows that the VA created a fraudulent FOIA response under VA FOIA No. 20-01289-F, fraudulently stating that Mr. Peter J. Shelby made the request, and OPM approved the posting of the position on January 24, 2018, which was approximately 8 months and 8 days after the fake Direct Hire Authority police officer position was posted.

4. On the date of April 12, 2020, I discovered that the Executive Office of United States Attorneys issued a Final Disposition that states: Improper FOIA Request for Other Reasons.

5. On the date of April 12, 2020, I filed an appeal of FOIA Request EOUSA-2020-001260 via email directly to the Director of the Executive Office of United States Attorneys, Mr. Corey Ellis.

6. On the date of April 13, 2020, I received a letter from the Office of Information Policy (OIP) of the United States Department of Justice, acknowledging my administrative appeal under assigned number A-2020-00680.

7. Under the United States Department of Justice memo titled - OIP Guidance: Adjudicating Administrative Appeals under the FOIA it states as follows: Absent "unusual circumstances," the FOIA provides that agencies should make a determination with respect to an appeal within twenty working-days of its receipt by the agency.

8. As of May 29, 2020, it had been thirty five working days, with absolutely no explanation as it pertains to what was Improper about the FOIA Request and based on the Agency's failure to comply by failing to provide a explanation reason, the Plaintiff decided to file suit on June 1, 2020 under USDC Case No. 8:20-cv-01248-WFJ-CPT.

9. On the date of June 2, 2020, approximately 24 hours after that lawsuit was filed, I received a decision on A-2020-00680, which states that they could not process the request until I submitted a notarized signature or a Certification of my Identity under Penalty of Perjury for which I was given a copy of DOJ Form 361.

10. On the date of July 9, 2020, I signed and faxed over two copies of DOJ For, 361, to the attention of United States Attorney, Maria Chapa Lopez, for which I authorized the United States Department of Justice to release any and all information relating to me, to the following individuals:

    a. United States District Court Judge, William F. Jung – USDC Case No. 8:20-cv-01248-WFJ-CPT, and

    b. United States District Court Judge, Charlene Honeywell – USDC Case No. 8:18-cv-02000-CEH-JSS

11. As of this date, November 20, 2020, Stephanie Smith Leuthauser is willfully refusing to turn over those documents to the Court in both cases, because it would show that the VA fraudulently created a fake Direct Hire Authority Police Officer for me, as referenced in Claim C of USDC Case No. 8:18-cv-02000-CEH-JSS filed on August 30, 2018, for which that would justify granting my Motion to Reopen based on Fraud (Document 86), and Motion for Sanctions (Document 88) against Ms. Leuthauser.

12. FOIA obligations require agency records either belong to the agency, by creating or <u>obtaining them</u>, or be within its control. See Wolfe v. Dep't of Health & Human Servs., 711 F.2d 1077, 1079 (D.C. Cir. 1983) (defining agency record as either created or obtained by agency).

13. The record from OPM, and the fraudulent record from the VA was obtained by Ms. Leuthauser via email from me, and emails are classified as agency records.

## PRAYER FOR RELIEF

Plaintiff, Pro-Se Carlton E. Hooker Jr. hereby request that the Court issues the following:

- A Court Order instructing the Executive Office for the United States Attorneys, to produce and turn over the following documents that were being fraudulently concealed by Assistant United States Attorney, Stephanie Smith Leuthauser to Judges, Charlene Edwards Honeywell and William F. Jung

a. <u>Gmail - RE_ FOIA Request for Copy of OPM Approval for Direct-Hire Authority (DHA) for Job Announcement NY-FNC-1944457-BU-NC, OPM Request 2020-00148</u>.

b. <u>VA Response to Freedom of Information Act No. 20-01289-F</u>

**NOTE**: <u>Failure to comply with a court order to produce the records in question may also result in punishment for contempt for the responsible employee, who is Stephanie Smith Leuthauser, the attorney covering up fraud on behalf of the Department of the VA in USDC Case No. 8:18-cv-2000-CEH-JSS. See 5 U.S.C. Sec. 552(a)(4)(G), along with criminal charges under 18 USC 2071(b) for Concealment of a Government Record.</u>

- <u>Plaintiff, hereby requests to be reimbursed for the cost of filing this lawsuit, if the Agency proceeds to comply with FOIA after this suit has been filed in accordance with the following: United States Department of Justice, 137. SANCTIONS FOR VIOLATING FOIA where it states as follows:  In a case brought under FOIA the court determines the matter de novo and may examine the specific agency records in camera to determine whether they should be withheld under any exemption. See 5 U.S.C. Sec. 552(a)(4)(B). The burden is on the government to sustain its action. Id. The court may award reasonable attorney fees and **other litigation costs** against the government when the complainant substantially prevails. See 5 U.S.C. Sec. 552(a)(4)(E).</u>

- Plaintiff hereby requests sanctions against the above referenced individual agencies employee, **<u>AUSA - Stephanie Smith Leuthauser</u>** anyone else who instructed her to conceal a government record in accordance with the following: United States Department of Justice, 137. SANCTIONS FOR VIOLATING FOIA where it states as follows:  <u>Action against Individual Employees: Sanctions may be taken against individual agency</u>

employees who are found to have acted arbitrarily or capriciously in improperly withholding records. <u>Additionally, the court must award attorney fees and other litigation costs against the government</u> and Plaintiff hereby requests in accordance with United States Department of Justice, 137. SANCTIONS FOR VIOLATING FOIA as follows: When the statutory requirements are found by the Court to have been met, the Merit Systems Protection Board (MSPB) must promptly initiate a proceeding to determine whether disciplinary action is warranted against the office or employee who is primarily responsible for the withholding. The MSPB, after investigating and considering the evidence, submits its findings and recommendations to the agency concerned which then is required to take the corrective action recommended by the Board. See 5 U.S.C. Sec. 552(a)(4)(F). Additionally, there now exists independent jurisdiction for such MSPB investigations under 5 U.S.C. Sec. 1206(e)(1) (1982).

*[signature: Carlton E Hooker]*

Carlton Hooker, Jr.

2678 N. McMullen Booth Road

Apt. #8111

Clearwater, Florida 33761

Phone: (727)342-3282

Email: carltonhoooker@gmail.com